UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JAMES LEDFORD,　　　　　　　　　　CASE NO.:
　　　　　　　　　　　　　　　　　　DIVISION:
　　　　Plaintiff,

vs.

SPLASH TRANSPORT, INC., a Delaware corporation,

　　　　Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, JAMES LEDFORD, and sues the Defendant SPLASH TRANSPORT, INC., a Delaware corporation, and alleges:

**GENERAL ALLEGATIONS**

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

2. At all times material to this action, Plaintiff, JAMES LEDFORD, was a citizen of the State of Florida and resided in Polk County, Florida.

3. At all times material to this action, Defendant, SPLASH TRANSPORT, INC., was a foreign corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 8150 Georgetown Road, Indianapolis, Indiana 46268. Therefore, Defendant is a citizen of the States of Delaware and Indiana.

4. Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the

1

events or omissions giving rise to the claim—specifically the automobile crash on November 18, 2024—occurred in Pinellas County, Florida, which is located within the jurisdictional boundaries of this Court.

5. "Subject CMV" means the 2021 Daimler Cascadia, Florida License Plate Number GGJ777 and Vin No.: 3AKJHLFGGMSMX9738, the tractor-trailer operated by CREWS during the November 18, 2024, trip.

6. "Trip" means the dispatch, routing, loading, and delivery at issue in this action.

7. Defendant SPLASH TRANSPORT, INC. was the titled and/or beneficial owner of the Subject CMV and had the right to control its operation.

8. At all material times, non-party EDRICHK LAMONT CREWS ("CREWS") operated the Subject CMV for Defendant SPLASH TRANSPORTS, INC. and acted within the course and scope of that employment/agency and/or joint enterprise.

9. Defendant SPLASH TRANSPORT, INC. is the owner, lessee, bailee, and/or entity with the right to control the Subject CMV for the Trip and entrusted it to CREWS and is responsible for negligent entrustment and related corporate negligence as pled herein.

10. These allegations are pled in the alternative pursuant to Fla. R. Civ. P. 1.110(f) and shall not be construed as judicial admissions inconsistent with any competing theory that discovery may substantiate.

11. On or about November 18, 2024, a CMV that was operated by CREWS was involved in a crash with the Plaintiff JAMES LEDFORD, at or about Southbound I-275 in unincorporated Pinellas County, Florida.

12. At that time and place, CREWS negligently operated said CMV, and/or carelessly maintained said motor vehicle, and/or was operating said motor vehicle while distracted.

13. At all times material hereto, CREWS owed Plaintiff and the motoring public the duties imposed by the Federal Motor Carrier Safety Regulations ("FMCSRs"), as adopted in Florida (§ 316.302, Fla. Stat.), including but not limited to:

a. to be instructed in and comply with all applicable FMCSRs (49 C.F.R. § 390.3(e);

b. to operate in accordance with state and local traffic laws and any higher FMCSR standard of care (49 C.F.R. § 392.2).

c. and to maintain a safe following interval and stopping distance appropriate for a tractor-trailer at highway speed, including a prudent time headway consistent with FMCSA guidance—at least one second per 10 feet of vehicle length, plus one additional second when traveling over 40 mph.

14. At all times material hereto CREWS breached the foregoing duties by, among other ways:

a. following too closely and failing to maintain a prudent time headway for the Subject CMV at highway speed, in violation of § 316.0895, Fla. Stat., and FMCSA safe-following guidance —at least one second per 10 feet of vehicle length, plus one additional second when traveling over 40 mph.

b. failing to keep a proper lookout and to control speed and spacing to timely brake and avoid a foreseeable rear-end collision; and

c. operating the Subject CMV in a manner that did not comport with 49 C.F.R. § 392.2's requirement to comply with applicable traffic laws and safe-operation standards, directly and proximately causing the rear-end impact and Plaintiff's damages.

15. Moreover, the conduct of CREWS was not merely negligent but constituted gross negligence and/or intentional misconduct. Specifically, CREWS operated the Subject CMV with

a conscious disregard or indifference to the life and safety of the Plaintiff and the motoring public operating the massive CMV at reckless speed under the circumstances while ignoring the road, knowing that doing so was substantially certain to cause serious bodily injury or kill anyone in a vehicle CREWS collided with, including the Plaintiff.

16. At all relevant times, SPLASH TRANSPORT, INC. employed and/or contracted with CREWS and exercised trip-level operational control through dispatch authority, load/route assignment, equipment assignment, and safety-policy enforcement for the Subject CMV.

17. As a motor carrier, SPLASH TRANSPORT, INC. owed duties to qualify, train, supervise, and retain drivers and those operating under its dispatch/authority, and to require observance of Parts 382–395 and applicable state law duties, regardless of formal labels (employee, contractor, or owner-operator).

18. SPLASH TRANSPORT, INC. breached that duty by, *inter alia*:

a. Failing to verify CREWS'S driving history, medical fitness, and prior hours-of-service violations.

b. Permitting CREWS to operate overweight equipment without adequate training on speed management and stopping distance; and

c. Failing to discipline or re-train CREWS despite prior safety alerts.

d. Failing to train and enforce speed and space management (including safe following intervals) that CDL drivers are required to know, 49 C.F.R. §383.111, and as reflected in FMCSA guidance and the Florida CDL Manual.

19. SPLASH TRANSPORT, INC. knew or should have known that such breaches created an unreasonable risk of harm to motorists.

20. The conduct of Defendant SPLASH TRANSPORT, INC. described herein constituted "gross negligence" and/or "intentional misconduct" as defined by Fla. Stat. § 768.72.

21. Specifically, SPLASH TRANSPORT, INC. had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to a claimant would result and, despite that knowledge, intentionally pursued that course of conduct with reckless disregard to the consequences.

22. Alternatively, SPLASH TRANSPORT, INC.'s conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

## COUNT I
## (LEDFORD vs. SPLASH TRANSPORT, INC.)
## (Dangerous Instrumentality Strict Liability)

23. The Plaintiff JAMES LEDFORD realleges paragraphs Plaintiff realleges paragraphs 1 through 14 and 16 through 19:

24. At the time of the crash, CREWS was operating the Subject CMV with SPLASH TRANSPORT, INC.'s knowledge, consent, and permission.

25. Under Florida's dangerous instrumentality doctrine, SPLASH TRANSPORT, INC., as the titled and/or beneficial owner and/or one with the right to control the Subject CMV, is strictly liable for all damages proximately caused by CREWS'S negligent operation. These allegations are pled in the alternative to other ownership/control theories.

26. As a direct and proximate result of the above-referenced negligence, JAMES LEDFORD was caused to sustain severe, continuing and permanent injuries, including a significant and a permanent loss of an important bodily function, and/or a permanent injury within a reasonable degree of medical probability, and/or a significant and permanent scarring and

disfigurement, and has in the past and will in the future suffer from the effects of said injuries, including pain and suffering, and loss of the capacity for the enjoyment of life.

27. As a result of the Defendant CREWS'S negligence in causing the motor vehicle crash, CREWS has caused Plaintiff, JAMES LEDFORD, to activate and/or aggravate certain pre-existing conditions.

**WHEREFORE**, Plaintiff JAMES LEDFORD respectfully requests entry of judgment against Defendant SPLASH TRANSPORT, INC., awarding all economic and non-economic damages permitted by Florida law, past and future, namely: (i) past and future medical and hospital expenses; (ii) past and future lost wages; (iii) loss of future earning capacity; (iv) pain and suffering; (v) mental anguish; (vi) inconvenience; (vii) disability or physical impairment; (viii) disfigurement and scarring; (ix) loss of capacity for the enjoyment of life; and (x) aggravation of a pre-existing condition or activation of a latent disease or defect; together with post-judgment interest at the statutory rate and taxable costs as allowed by law. Plaintiff demands trial by jury on all issues so triable.

## COUNT II
### (LEDFORD vs. SPLASH TRANSPORT, INC.)
### (Negligent Entrustment)

28. The Plaintiff, JAMES LEDFORD, realleges paragraphs 1 through 22 as if more fully set forth herein and further alleges:

29. At the time of the subject crash, CREWS was operating a CMV for which Defendant SPLASH TRANSPORT, INC., was the titled and/or beneficial owner and/or one with the right to control the CMV with Defendant SPLASH TRANSPORT, INC.'s knowledge, consent, and permission.

30. The Defendant, SPLASH TRANSPORT, INC., knew or should have known that CREWS was an incompetent or unfit driver to operate the vehicle due to his driving history, lack of qualifications, or other factors indicating a propensity to operate the vehicle in a negligent or reckless manner.

31. Despite this knowledge, the Defendant SPLASH TRANSPORT, INC. negligently entrusted the vehicle to CREWS, thereby creating an unreasonable risk of harm to others, including the Plaintiff JAMES LEDFORD.

32. As a direct and proximate result of the Defendant SPLASH TRANSPORT, INC.'s negligent entrustment of the vehicle to CREWS, the Plaintiff, JAMES LEDFORD, was caused to sustain severe, continuing, and permanent injuries, including a significant and permanent loss of an important bodily function, and/or a permanent injury within a reasonable degree of medical probability, and/or significant and permanent scarring and disfigurement, and has in the past and will in the future suffer from the effects of said injuries, including pain and suffering, and loss of the capacity for the enjoyment of life.

33. As a result of the Defendant SPLASH TRANSPORT, INC.'S, negligent entrustment, the Plaintiff, JAMES LEDFORD, has also suffered activation and/or aggravation of certain pre-existing conditions.

**WHEREFORE**, Plaintiff JAMES LEDFORD respectfully requests entry of judgment against Defendant SPLASH TRANSPORT, INC., awarding punitive damages pursuant to Fla. Stat. § 768.72; all economic and non-economic damages permitted by Florida law, past and future, namely: (i) past and future medical and hospital expenses; (ii) past and future lost wages; (iii) loss of future earning capacity; (iv) pain and suffering; (v) mental anguish; (vi) inconvenience; (vii) disability or physical impairment; (viii) disfigurement and scarring; (ix) loss of capacity for the

enjoyment of life; and (x) aggravation of a pre-existing condition or activation of a latent disease or defect; together with post-judgment interest at the statutory rate and taxable costs as allowed by law. Plaintiff demands trial by jury on all issues so triable.

### COUNT III
### (LEDFORD vs. SPLASH TRANSPORT, INC.)
### (Vicarious Liability)

34. The Plaintiff, JAMES LEDFORD, realleges paragraphs 1 through 22 as if more fully set forth herein and further alleges:

35. At the time of the November 18, 2024, motor vehicle crash, which is the subject of this lawsuit, CREWS was acting within the course and scope of his employment with SPLASH TRANSPORT, INC.

36. Under the doctrine of "Respondeat Superior," the Defendant, SPLASH TRANSPORT, INC., is vicariously liable for all damages sustained by JAMES LEDFORD.

37. As a direct and proximate result of the above-referenced negligence JAMES LEDFORD was caused to sustain severe, continuing and permanent injuries, including a significant and a permanent loss of an important bodily function, and/or a permanent injury within a reasonable degree of medical probability, and/or a significant and permanent scarring and disfigurement, and has in the past and will in the future suffer from the effects of said injuries, including pain and suffering, loss of the capacity for the enjoyment of life.

38. As a result of CREWS'S negligence in causing the motor vehicle crash, CREWS has caused Plaintiff, JAMES LEDFORD, to activate and/or aggravate certain pre-existing conditions.

**WHEREFORE**, Plaintiff JAMES LEDFORD respectfully requests entry of judgment against Defendant SPLASH TRANSPORT, INC., awarding punitive damages pursuant to Fla.

Stat. § 768.72; all economic and non-economic damages permitted by Florida law, past and future, namely: (i) past and future medical and hospital expenses; (ii) past and future lost wages; (iii) loss of future earning capacity; (iv) pain and suffering; (v) mental anguish; (vi) inconvenience; (vii) disability or physical impairment; (viii) disfigurement and scarring; (ix) loss of capacity for the enjoyment of life; and (x) aggravation of a pre-existing condition or activation of a latent disease or defect; together with post-judgment interest at the statutory rate and taxable costs as allowed by law. Plaintiff demands trial by jury on all issues so triable.

**COUNT IV**
**(LEDFORD vs. SPLASH TRANSPORT, INC.)**
**(Negligent Hiring, Retention & Training)**

39. Plaintiff realleges Paragraphs 1 through 22 as if more fully set forth herein and further alleges.

40. At all times material, SPLASH TRANSPORT, INC. was a federally regulated motor carrier operating commercial motor vehicles in interstate commerce and was therefore subject to the Federal Motor Carrier Safety Regulations (FMCSRs), 49 C.F.R. §§ 350–399.

41. The FMCSRs establish minimum safety standards for hiring, qualifying, training, supervising, and retaining commercial drivers. These regulations exist to prevent precisely the type of high-energy rear-end collision that injured the Plaintiff.

42. Under 49 C.F.R. § 391.11, a motor carrier may only permit a driver to operate a commercial motor vehicle if the driver is qualified, competent, and capable of safely operating said vehicle.

43. Under 49 C.F.R. §§ 391.23 and 391.51, a motor carrier must perform a proper background investigation, obtain prior employer safety performance history, review crash and violation records, and maintain a complete Driver Qualification File (DQF).

9

44. Under 49 C.F.R. §§ 383.110–383.113, a motor carrier must ensure its driver is trained in and demonstrates the ability to recognize hazards, inspect the vehicle, manage speed, maintain safe following distances, and perform safe stopping maneuvers.

45. Under 49 C.F.R. § 390.11, a motor carrier has a non-delegable duty to require its drivers to comply with all FMCSRs. A carrier cannot simply place a driver on the road and trust them to be safe.

46. Under 49 C.F.R. § 392.2, all commercial drivers must operate their vehicles in accordance with all applicable state laws, including laws requiring safe following distance, reasonable and prudent speed, and proper control of the vehicle.

47. SPLASH TRANSPORT, INC. breached these duties by hiring, qualifying, training, entrusting, permitting, and retaining a commercial driver who was unfit, unsafe, insufficiently trained, and incompetent to safely operate a commercial motor vehicle.

48. Specifically, SPLASH TRANSPORT, INC. failed to:

a. Conduct a proper background check and review of prior employers, crash history, moving violations, safety performance history, or disciplinary records, in violation of 49 C.F.R. § 391.23;

b. Maintain a complete and accurate Driver Qualification File, in violation of 49 C.F.R. § 391.51;

c. Ensure the driver was properly trained and competent to safely manage speed, maintain proper following distance, perceive and react to traffic hazards, and prevent rear-end collisions, in violation of 49 C.F.R. Parts 383 and 391;

d. Provide ongoing supervision, monitoring, and corrective training as required by 49 C.F.R. § 390.11;

e. Remove the driver from service when SPLASH TRANSPORT, INC. knew or should have known the driver presented a danger to the motoring public.

49. At the time of the crash, the driver—while acting within the course and scope of employment— CREWS failed to maintain a safe following distance, failed to keep a proper lookout, operated at an unsafe speed, and collided into the rear of Plaintiff's vehicle, conduct that no reasonably trained and supervised commercial driver would commit.

50. These failures are precisely the type of preventable crashes that the FMCSRs are designed to eliminate, and SPLASH TRANSPORT, INC. systemic safety failures were a proximate and foreseeable cause of the collision and Plaintiff's injuries.

51. SPLASH TRANSPORT, INC. conduct demonstrated a willful, wanton, and reckless disregard for the safety of the motoring public, including Plaintiff, by placing an unsafe and unqualified driver behind the wheel of a large commercial motor vehicle.

52. As a direct and proximate result of Defendant Motor Carrier's negligent hiring, training, supervision, and retention, Plaintiff suffered severe and permanent injuries, medical expenses, lost wages, loss of earning capacity, significant pain and suffering, mental anguish, inconvenience, disability, impairment, and loss of enjoyment of life, and will continue to suffer such damages in the future.

53. Plaintiff pleads the following direct-negligence counts in the alternative to vicarious liability and alleges independent acts and omissions by SPLASH TRANSPORT, INC. that caused or contributed to the collision.

54 As a direct and proximate result of SPLASH TRANSPORT'S negligence Plaintiff JAMES LEDFORD was caused to sustain severe, continuing and permanent injuries, including a significant and a permanent loss of an important bodily function, and/or a permanent injury

11

within a reasonable degree of medical probability, and/or a significant and permanent scarring and disfigurement, and has in the past and will in the future suffer from the effects of said injuries, including pain and suffering, loss of the capacity for the enjoyment of life.

55. As a result of the Defendant SPLASH TRANSPORT's negligence, in causing the motor vehicle crash, Plaintiff, JAMES LEDFORD, has suffered an activation and/or aggravation of certain pre-existing conditions.

**WHEREFORE**, Plaintiff JAMES LEDFORD respectfully requests entry of judgment against Defendant SPLASH TRANSPORT, INC., awarding punitive damages pursuant to Fla. Stat. § 768.72; all economic and non-economic damages permitted by Florida law, past and future, namely: (i) past and future medical and hospital expenses; (ii) past and future lost wages; (iii) loss of future earning capacity; (iv) pain and suffering; (v) mental anguish; (vi) inconvenience; (vii) disability or physical impairment; (viii) disfigurement and scarring; (ix) loss of capacity for the enjoyment of life; and (x) aggravation of a pre-existing condition or activation of a latent disease or defect; together with post-judgment interest at the statutory rate and taxable costs as allowed by law. Plaintiff demands trial by jury on all issues so triable.

<u>**COUNT V**</u>
<u>**(LEDFORD vs. SPLASH TRANSPORT, INC.)**</u>
<u>**(Negligent Safety Management & Violation of FMCSA Regulations)**</u>

56. Plaintiff realleges Paragraphs 1 through 22 as if more fully set forth herein and further alleges.

57. Plaintiff pleads the following direct-negligence counts in the alternative to vicarious liability and alleges independent acts and omissions by SPLASH TRANSPORT, INC. that caused or contributed to the collision.

58. As a motor carrier operating a commercial motor vehicle ("CMV") in

Florida, SPLASH TRANSPORT owed statutory and common-law duties, including to:

(a) implement and enforce reasonable safety-management controls, 49 C.F.R. §385.5.

(b) verify and ensure that any driver it permitted to operate a CMV was qualified, including the ability to read and speak the English language sufficiently to converse with the public, understand highway signs and signals in English, respond to official inquiries, and make entries on reports and records, 49 C.F.R. §391.11(b)(2).

(c) maintain a driver-qualification file documenting the driver's qualifications, 49 C.F.R. §391.51;

d) require observance of all driver-duty rules in Parts 390–399, 49 C.F.R. §390.11.

(e) ensure the driver operated in compliance with applicable state traffic laws under 49 C.F.R. §392.2, including Florida's following-too-closely statute, §316.0895, Fla. Stat.; and

(f) train, monitor, and enforce speed and space management (including safe following intervals) that CDL drivers are required to know, 49 C.F.R. §383.111, and as reflected in FMCSA guidance (at least one second per 10 feet of vehicle length below 40 mph, plus one additional second over 40 mph).

59. SPLASH TRANSPORT breached these duties by, among other acts or omissions: (a) failing to train, supervise, and enforce safe followingdistance/timegap practices recognized by FMCSA and the Florida CDL Manual (e.g., one second per 10 feet of vehicle length, plus an additional second over 40 mph), and to monitor for substandard headway when available through telematics; (b) failing to require compliance with Florida's §316.0895 "following too closely" law as mandated by §392.2; and (c) otherwise ignoring speed, space management, and post-crash testing obligations, including §382.303.

60. These FMCSR violations and failures to comply with Florida traffic law

are admissible evidence of negligence under Florida law (they are not pled as negligence per se), and—together with the facts alleged—establish SPLASH TRANSPORT's breach. See Fla. Std. Jury Instr. (Civ.) 401.9.

61. As a motor carrier operating a commercial motor vehicle ("CMV") in Florida, SPLASH TRANSPORT owed statutory and common-law duties, including compliance with Florida's adoption of the Federal Motor Carrier Safety Regulations ("FMCSRs") in §316.302, Fla. Stat. and 49 C.F.R. Parts 382, 383, 391, 392, and 395.

62. SPLASH TRANSPORT breached these duties by, among other things: (a) ignoring electronic speed, hardbrake, and forward-collision alerts; (b) failing to enforce fatigue management and hours-of-service rules reflected in ELD data; (c) allowing operation of equipment with inadequate braking capacity; and (d) failing to ensure postaccident alcohol/drug testing under 49 C.F.R. §382.303.

63. These regulatory violations are admissible evidence of negligence under Florida law and, when combined with the facts alleged herein, establish SPLASH TRANSPORT's breach of duty. See Fla. Std. Jury Instr. (Civ.) 401.9; §316.302, Fla. Stat.

64. As a direct and proximate result of SPLASH TRANSPORT's negligence, JAMES LEDFORD was caused to sustain severe, continuing and permanent injuries, including a significant and a permanent loss of an important bodily function, and/or a permanent injury within a reasonable degree of medical probability, and/or a significant and permanent scarring and disfigurement, and has in the past and will in the future suffer from the effects of said injuries, including pain and suffering, loss of the capacity for the enjoyment of life.

65. As a result of CREWS'S negligence, in causing the motor vehicle crash, imputed to SPLASH TRANSPORT, Plaintiff, JAMES LEDFORD, has suffered an activation and/or

aggravation of certain pre-existing conditions.

**WHEREFORE**, Plaintiff JAMES LEDFORD respectfully requests entry of judgment against Defendant SPLASH TRANSPORT, INC., awarding punitive damages pursuant to Fla. Stat. § 768.72; all economic and non-economic damages permitted by Florida law, past and future, namely: (i) past and future medical and hospital expenses; (ii) past and future lost wages; (iii) loss of future earning capacity; (iv) pain and suffering; (v) mental anguish; (vi) inconvenience; (vii) disability or physical impairment; (viii) disfigurement and scarring; (ix) loss of capacity for the enjoyment of life; and (x) aggravation of a pre-existing condition or activation of a latent disease or defect; together with post-judgment interest at the statutory rate and taxable costs as allowed by law. Plaintiff demands trial by jury on all issues so triable.

    Respectfully submitted,

    **KAISER ROMANELLO, P.A.**
    Attorney for Plaintiff
    11555 Heron Bay Boulevard, Suite 200
    Parkland, Florida 33076
    Telephone: (954) 603-0100
    Facsimile: (954) 827-0472

    By: *Lorne Adam Kaiser, Esq.*
    Lorne Adam Kaiser
    Attorney for Plaintiff